# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BARRY WAYNE RAYNER**                                                                                      **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:07-CV-P124-S**

**JOHN D. REES et al.**                                                                                     **DEFENDANTS**

## MEMORANDUM AND ORDER

The plaintiff, Barry Wayne Rayner, who is incarcerated at Louisville Metropolitan Department of Corrections, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). On initial review, this Court dismissed some claims, allowed other claims to go forward, and directed the remaining defendant, Tom Campbell, to answer the complaint (DNs 6-8). The plaintiff has now filed an Amended Complaint (DN 11), a Motion for Emergency Relief (DN 12), an Amended Motion for Emergency Relief (DN 14), and an Emergency Motion for Order to Cease and Desist (DN 15). All of the documents were signed by Pamela Echsner, the plaintiff's mother, as his "Next Friend."[1] For that reason, this Court will strike all of these documents from the docket of this case.

"[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *see also* 28 U.S.C.

---

[1] The Amended Complaint is signed "Barry Rayner" with Ms. Echsner's initials immediately following the signature. Also underneath the signature is the following: "By and through Pamela Echsner, Next Friend and Mother of Plaintiff." The Motion for Emergency Relief is signed by Ms. Echsner, with the following underneath her signature: "Pamela D. Echsner, Petitioner's Next Friend (Mother)." The Amended Motion for Emergency Relief is signed by Ms. Echsner, followed by "Pamela D. Echsner[,] Plaintiff's Next Friend (Mother)." The Emergency Motion for Order to Cease and Desist is signed by Ms. Echsner, followed by "Pamela D. Echsner, Next Friend and Mother of Plaintiff Barry Rayner."

§ 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d at 1308 (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976)). Consequently, the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children, *even their minor children*, in § 1983 proceedings before a federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("We hold that under Fed. R. Civ. P. 17(c)[2] and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

Thus, Ms. Echsner, a non-lawyer, may not represent the plaintiff before this Court. Ms. Echsner may not act or sign documents on behalf of the plaintiff, Barry Wayne Rayner, as such conduct constitutes the unauthorized practice of law. She may assist the plaintiff in researching issues and in the preparation of filings, but **she shall not represent or otherwise act on behalf of the plaintiff**. The Court warns Ms. Echsner that continued unauthorized practice of law in

---

[2] Rule 17(c) provides that an infant or incompetent person who does not have a duly appointed representative may sue by a "next friend." This rule does not authorize a "next friend" to act as an attorney on that infant's or incompetent person's behalf. Moreover, nothing in the pleadings before this Court indicate that the plaintiff is either an infant or incompetent. It is clear from the pleadings before this Court that the Plaintiff is not an infant. Nothing suggests that the plaintiff is not capable of representing himself; in fact, he is currently representing himself in several state criminal actions.

this action will result in appropriate sanctions.

Therefore, **IT IS ORDERED** that the Amended Complaint (DN 11), the Motion for Emergency Relief (DN 12), the Amended Motion for Emergency Relief (DN 14), and the Emergency Motion for Order to Cease and Desist (DN 15) be **STRICKEN** from the docket of this case.  The plaintiff, Barry Wayne Rayner, may file an amended complaint and/or motions for emergency relief and/or any other pleading that is signed personally by him.  Alternatively, the plaintiff may choose to have a licensed attorney represent him.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Jefferson County Attorney
4411.009